IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KRISTEN GARNETT and STEVEN )
GARNETT, on behalf of )
themselves and all others )
similarly situated, )
                          )
           Plaintiff, )
                          )
       v. )   No. 10 C 3317
                          )
MILLENNIUM MEDICAL MANAGEMENT )
RESOURCES, INC., an Illinois )
corporation, and EMERGENCY )
HEALTHCARE PHYSICIANS, LTD., )
an Illinois corporation, )
                          )
         Defendants. )

## OPINION AND ORDER

Defendant Emergency Healthcare Physicians, Ltd. ("EHP") is a provider

of medical services at emergency rooms. Named plaintiffs Kristen and Steven

Garnett[1] have both been emergency room patients who were provided medical

---

[1]Plaintiffs bring this action as a putative class action. However, they
have not moved for class certification. Since named plaintiff's individual claims
are being dismissed, a class will not be certified and the claims of the putative
class will be dismissed without prejudice.

treatment by EHP personnel. When receiving such treatment, they were each required to provide personally identifiable health and financial information, including name, address, phone number, date of birth, social security number, driver's license number, and health insurance information (hereinafter "Personal Information"). EHP's records for each plaintiff included medical diagnoses, medical history, and medical record number (hereinafter "Medical Information"). Defendant Millennium Medical Management Resource, Inc. ("Millennium") provides medical coding and bill collection services for medical providers, including EHP. The Personal and Medical Information of plaintiffs that was collected by EHP was electronically stored by Millennium, including on a portable hard drive that was not encrypted.

On Saturday, February 27, 2010, Millennium's offices were burglarized and the portable hard drive containing plaintiffs' Information was stolen. The hard drive has not been recovered nor have the burglars been apprehended or identified. There is no allegation that the burglars have actually accessed the hard drive nor any allegation that plaintiffs or any putative class member has suffered any identity theft consequences other than the expenses of credit monitoring to ensure there is not a misuse of any of the data.

In their Complaint, plaintiffs state five counts. Counts I and II allege that defendants' conduct violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Count I alleges an intentional violation based on deliberate or reckless disregard of maintaining reasonable procedures to protect plaintiff's Information and Count II alleges a negligent violation.[2] Plaintiffs also bring three state law claims, relying on supplemental jurisdiction, 28 U.S.C. § 1367.[3] Count III is for negligent disclosure of information. Count IV is for breach of implied contract. Count V is for invasion of privacy and misappropriation of confidential information. Defendants move to dismiss the FCRA claims on alternative grounds that each is not a consumer reporting agency ("CRA"), there has been no disclosure of a consumer report ("CR"), and plaintiffs have not alleged any actual damages. Defendants contend the supplemental state law claims should be dismissed for lack of jurisdiction if the FCRA claims are

---

[2]For a willful violation, plaintiffs would be entitled to actual or statutory damages, 15 U.S.C. § 1681n(a)(1)(A), while negligent violations are limited to actual damages, *id.* § 1681o(a)(1).

[3]It is alleged that both plaintiffs and defendants are Illinois citizens. The only basis for jurisdiction in this case is federal question jurisdiction over Counts I and II and supplemental jurisdiction over the remaining Counts.

dismissed, *see* 28 U.S.C. § 1367(c)(3), or, alternatively, all the state law claims fail

on their merits.

The Supreme Court recently summarized the standard applicable to

motions to dismiss.

> Under Federal Rule of Civil Procedure 8(a)(2), a
> pleading must contain a "short and plain statement of the
> claim showing that the pleader is entitled to relief." As
> the Court held in *Twombly*, 550 U.S. 544, the pleading
> standard Rule 8 announces does not require "detailed
> factual allegations," but it demands more than an unadorned,
> the-defendant-unlawfully-harmed-me accusation. *Id.*, at
> 555, (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A
> pleading that offers "labels and conclusions" or "a formulaic
> recitation of the elements of a cause of action will not do."
> 550 U.S., at 555. Nor does a complaint suffice if it tenders
> "naked assertion[s]" devoid of "further factual enhancement."
> *Id.*, at 557.
> To survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as true, to "state a
> claim to relief that is plausible on its face." *Id.* at 570. A
> claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference
> that the defendant is liable for the misconduct alleged. *Id.* at
> 556.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The Seventh Circuit applies a type of sliding scale approach to

plausibility. The more complex and less straightforward the case and the more

costly potential discovery, the more detail that will be required to satisfy the plausibility requirement. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008); *Limestone Dev., Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803-04 (7th Cir. 2008); *Stickhost v. 3-D Leasing, Inc.*, 2010 WL 3834553 *2 (C.D. Ill. Sept. 21, 2010). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself could these things have happened, not did they happen." *Swanson*, 614 F.3d at 404. "[I]n many straightforward cases, it will not be any more difficult today for a plaintiff to meet that burden [of stating a claim] than it was before the [Supreme] Court's recent decisions." *Id.*

The FCRA defines a CRA as meaning "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

A CR is generally defined as meaning "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--(A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title." *Id.* § 1681a(d)(1). Expressly excluded from the definition of a CR is "any report containing information solely as to transactions or experiences between the consumer and the person making the report." *Id.* § 1681a(d)(2)(A)(i).

Plaintiffs repeat the statutory language in conclusorily alleging that each defendant is a CRA. Compl. ¶ 32. Plaintiffs, however, also allege that EHP provides physician services at emergency rooms and Millennium provides medical coding and collection services for medical providers. Plaintiffs must allege sufficient facts to plausibly support that each defendant is a CRA. *Knechtel v. Choicepoint, Inc.*, 2009 WL 4123275 *4 (D.N.J. Nov. 23, 2009). The minimal allegations regarding the nature of defendants' businesses do not plausibly support that either defendant regularly engages in the practice of assembling or evaluating

consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. *See id.* at *3-4. Providing billing and collection services does not make Millennium a CRA. *See id.*; *D'Angelo v. Wilmington Med. Ctr., Inc.*, 515 F. Supp. 1250, 1253 (D. Del. 1981); *Mitchell v. Surety Acceptance Corp.*, 838 F. Supp. 497, 500 (D. Colo. 1993). EHP was the provider of consumer services to plaintiffs. Other than the conclusory allegation of ¶ 32, there is no indication that EHP organized information for purposes of providing consumer reports. Forwarding transactional information, including medical information, to its coding and billing agency does not take EHP outside the § 1681a(d)(2)(A)(i) exclusion regarding the definition of a consumer report.[4] Contrary to plaintiffs' contention, conveying medical information is not itself a consumer report. Instead, the FCRA places restrictions on reporting medical information that might be included in a consumer report because credit information pertains to bills for medical services. *See* 15 U.S.C. § 1681b(g).

The minimal facts alleged by plaintiff regarding activities of defendants provide support for concluding each defendant is not a CRA. Particularly in that

---

[4]Section 1681a(d)(3)'s medical information exception to the § 1681a(d)(2)(A) exclusion does not apply to subsection (i), but instead applies to subsections (ii) and (iii) which pertain to sharing information among related entities.

light, a conclusory allegation that each defendant is a CRA is not sufficient to plausibly support that either defendant is a CRA. Neither is it sufficiently alleged that either defendant made a communication that constitutes a CR. Since it has not been adequately alleged that either defendant is a CRA, plaintiffs' FCRA claims fail.

Named plaintiffs' individual federal claims will be dismissed with prejudice. Named plaintiffs' individual state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1367(c)(3). All claims of the putative class members will be dismissed without prejudice.

IT IS THEREFORE ORDERED that defendants' motions to dismiss [13, 17] are granted. Class certification is denied. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiffs dismissing named plaintiffs' federal cause of action with prejudice and dismissing named plaintiffs' state law cause of action and all claims of the putative class without prejudice.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 9 , 2010